IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| MARIA FERREIRA,<br><br>                Plaintiff,<br><br>- against -<br><br>CVS CAREMARK CORPORATION, CVS PHARMACY, INC. and CVS ALBANY, L.L.C.,<br><br>                Defendants. | Case No.: 7:12-cv-04285-CS<br><br>**CONSENT ORDER APPROVING RELEASE OF FLSA CLAIMS** |

WHEREAS, plaintiff Maria Ferreira filed the within action ("Action") alleging, *inter alia*, that defendant CVS failed to pay her overtime wages in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and comparable state law; and

WHEREAS, CVS denied each and every allegation and claim asserted by plaintiff in the Action; and

WHEREAS, the parties have amicably resolved their differences in a confidential settlement agreement; and

WHEREAS, as part of the settlement agreement, in consideration for payment of a sum of money, plaintiff has agreed to waive and release all claims of every nature, including but not limited to alleged claims arising out of the FLSA; and

WHEREAS, 29 U.S.C. § 216(b) and caselaw decided thereunder prohibit the waiver or release of any FLSA rights or claims except where approved by a Court or the United States Department of Labor; and

WHEREAS, in order to effectuate the parties' intent to resolve all of their claims and differences, including plaintiff's FLSA claims, the parties seek this Court's approval of

plaintiff's waiver and release of any and all rights and claims, known or unknown, that she has or may have under the FLSA and comparable state law relating to her claim for overtime wages;

NOW, THEREFORE, it is herebyORDERED that this Court hereby authorizes and approves plaintiff's waiver and release of any and all rights and claims, known or unknown, that she has or may have under the FLSA and comparable state law relating to her claim for overtime wages during her employment at CVS that ended on or about January 20, 2012; and that such waiver and release shall not be deemed void, invalid or unenforceable on account of 29 U.S.C. § 216(b) or caselaw decided thereunder.

**It is so Ordered.**

White Plains, New York
Dated: 8/29, 2012

_____
HON. CATHY SEIBEL, U.S.D.J.

On behalf of their respective clients, the attorneys for the parties hereby consent to the form and content of the within Order.

| | |
|---|---|
| LANSKY LAW GROUP | EDWARDS WILDMAN PALMER LLP |
| 947 South Lake Boulevard, Suite 3A | One Giralda Farms |
| Mahopac, NY 10541 | Madison, NJ 07940 |
| (845) 621-2117 | (973) 520-2300 |
| Attorneys for Plaintiff | Attorneys for Defendants |

By: /s Bart Lansky       8/10/2012
    BART LANSKY          Dated

By: /s Richard M. DeAgazio   8/10/2012
    RICHARD M. DeAGAZIO      Dated

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("FLSA Settlement Agreement") by and between: (1) Maria Ferreira ("Ferreira" or "Plaintiff"); and (2) CVS Pharmacy, Inc., on behalf of its subsidiaries and affiliates (including but not limited to CVS Albany, L.L.C.) (hereinafter collectively "CVS") is made as of the date this FLSA Settlement Agreement is signed by Ferreira. Ferreira and CVS will sometimes collectively be referred to herein as "the Parties."

WHEREAS, Ferreira filed a Complaint against CVS in the Supreme Court of the State of New York, Putnam County, entitled Maria Ferreira v. CVS Caremark Corporation, bearing Index No. 935/2012. The civil action was removed to the United States District Court for the Southern District of New York as Civil Action No. 12-cv-04285-CS (the "Lawsuit");

WHEREAS, CVS denies the allegations in the Lawsuit and denies that it, or any of CVS's subsidiaries, affiliates, divisions, agents, servants or employees are liable for any claims possessed by Ferreira; and

WHEREAS, Ferreira and CVS represent that this FLSA Settlement Agreement reflects a reasonable compromise of disputed wage and hour overtime claims and was negotiated at "arms length" and with the advice of counsel; and

WHEREAS, Ferreira and CVS desire fully and finally to resolve all wage and hour overtime claims set forth in the Lawsuit and any and all other wage and hour claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Ferreira against CVS relating to conduct or events occurring at any time prior to the time this FLSA Settlement Agreement is executed.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants herein contained, the parties agree as follows:

1. **SETTLEMENT PAYMENT** – In consideration for signing this FLSA Settlement Agreement and the fulfillment of the promises herein, including the dismissal with prejudice of the Lawsuit, CVS agrees to pay Ferreira the total sum of Two Hundred and Fifty Dollars and No Cents ($250.00) of overtime pay, less all applicable withholding taxes and payroll deductions (the "FLSA Payment"). This payment is inclusive of all claims for damages, attorneys' fees, and expenses incurred in relation to Ferreira's wage and hour claims. The appropriate IRS form W-2 shall be issued reflecting the payment. No other monies will be paid to or for the benefit of Ferreira with respect to her wage and hour claims. Ferreira acknowledges that the FLSA Payment exceeds any legal payment obligation of CVS and provides valid consideration for the FLSA Release contained in this FLSA Settlement Agreement.

2. **TAX LIABILITY** – Ferreira agrees that she shall be liable for the payment of all federal, state and local taxes which may be due as the result of the consideration received in the FLSA Payment described above, and that such FLSA Payment is made for the settlement of disputed claims as set forth herein. Ferreira represents that she shall pay such taxes at the time and in the amount required by law. In addition, Ferreira agrees fully to defend, indemnify and

hold CVS, and each of its divisions, affiliates, parents, subsidiaries and operating companies, and the respective officers, directors, employees, agents and affiliates of each of them, harmless from any liability for payment of taxes, penalties, withholding obligations and interest that are required of her by any government agency at any time as the result of the payment of the consideration set forth herein.

3. **DISMISSAL OF LAWSUIT** – Ferreira represents that, other than the Lawsuit, she is not a party in any pending administrative charge, lawsuit, civil action, collective action, class action, or claim of any kind against CVS or any of its subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees in which wage and hour claims are being asserted. Ferreira agrees to promptly dismiss the Lawsuit with prejudice, without costs, and waiving all rights of appeal, and further agrees to take all steps reasonably necessary to facilitate the dismissal with prejudice of the Lawsuit.

4. **COURT APPROVAL AND DISMISSAL OF ACTION.** The Parties will submit a Joint Motion for Approval of this FLSA Settlement Agreement to the Court. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this FLSA Settlement Agreement and to dismiss the Lawsuit in its entirety, with prejudice. Payment of the FLSA Payment described herein is contingent upon execution of this FLSA Settlement Agreement by Ferreira, Court approval of this FLSA Settlement Agreement and the dismissal of the Lawsuit in its entirety with prejudice.

5. **SUFFICIENCY OF CONSIDERATION** – Ferreira recognizes that CVS disputes her claims and has asserted defenses to her claims, and that the consideration provided in this FLSA Settlement Agreement accordingly confers upon her a benefit to which she is otherwise not entitled. Therefore, Ferreira acknowledges and agrees that the consideration provided by CVS to her pursuant to this FLSA Settlement Agreement (including but not limited to Paragraph 1) constitutes good and valuable consideration for the limited release and the other promises and terms in this FLSA Settlement Agreement. Ferreira understands and agrees that she is not eligible for or entitled to any other benefit or consideration from CVS with respect to her wage and hour claims except as provided in this FLSA Settlement Agreement.

6. **RELEASE OF WAGE AND HOUR CLAIMS.** Except with respect to any rights, obligations or duties arising out of this FLSA Settlement Agreement, and in consideration of the FLSA Payment and other valuable consideration, and to the maximum extent permitted by law, Ferreira hereby irrevocably and unconditionally releases, remises and discharges CVS and all persons acting by, through, under or in concert with CVS, including but not limited to all of CVS's directors, officers, employees and agents, in their individual and/or corporate capacities, (collectively, the "Released Parties") of and from any and all wage and hour claims and rights of any kind that Ferreira may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way connected with Ferreira's employment with CVS, that exist or accrued prior to this FLSA Settlement Agreement being executed. These claims and rights released include, but are not limited to, all claims under the Fair Labor Standards Act, 28 U.S.C. §216(b), and all wage and hour claims for overtime pay, back pay, front pay, lost benefits, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and any other element of relief or damages which she claimed or could have

claimed in the Lawsuit or otherwise against the Released Parties ("Released FLSA Claims"). Ferreira represents that with the receipt of the consideration described above, she has been paid in full for any wage and hour claims for pay, overtime pay and/or liquidated damages that she may have claimed or could have claimed against the Released Parties.

7. **COVENANT NOT TO SUE** – Ferreira agrees not to file or initiate a lawsuit in any court, initiate an arbitration proceeding, or opt into any collective action or class action, asserting any of the Released FLSA Claims against any of the Released Parties. Ferreira further agrees that she will not permit herself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this FLSA Settlement Agreement, and that even if a court, arbitrator, or government agency rules that she may not waive a claim released by this FLSA Settlement Agreement, she will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any of the Released Claims against any of the Released Parties. Ferreira agrees to reimburse the Released FLSA Parties for any legal fees that they incur as a result of any breach of this paragraph by Ferreira.

**CONFIDENTIALITY** – Ferreira agrees to keep all of the terms and conditions of this FLSA Settlement Agreement (including but not limited to the amount of the Settlement Payments) strictly confidential. Ferreira represents that she has not disclosed and agrees that she will not disclose the existence of this FLSA Settlement Agreement or any of the terms or conditions of this FLSA Settlement Agreement to anyone other than a current spouse, attorney, tax or financial advisor, any taxing authority, any court of competent jurisdiction in order to enforce the terms of this FLSA Settlement Agreement (subject to the terms of paragraph 8 hereof), or as may be required pursuant to law or legal process. Ferreira further agrees to take reasonable steps to ensure that any information concerning this FLSA Settlement Agreement which is disclosed to a spouse, attorney or tax or financial advisor will not be disclosed to any other third party, including but not limited to informing such persons that the terms and conditions of this FLSA Settlement Agreement are strictly confidential and that they may not be disclosed or discussed with anyone else. If Ferreira is asked about the status of this case by anyone else, she shall respond that "The case was resolved confidentially" and will not say anything further.

8. **NONADMISSION OF WRONGDOING** – The Parties agree that this FLSA Settlement Agreement does not constitute an admission by CVS or any of the Released Parties of any of the matters alleged in the Lawsuit or of any violation by them of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this FLSA Settlement Agreement nor anything in this FLSA Settlement Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by CVS or any of its subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. This FLSA Settlement Agreement may be introduced, however, in any proceeding to enforce this

FLSA Settlement Agreement. Such introduction shall be pursuant to an order protecting its confidentiality, which order CVS shall apply for and Ferreira will not oppose.

9. **GOVERNING LAW** - This FLSA Settlement Agreement shall be governed by and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provisions.

10. **COUNTERPARTS** - This Settlement FLSA Agreement may be executed in counterparts and each counterpart will be deemed an original.

11. **REPRESENTATION BY COUNSEL; UNDERSTANDING OF AGREEMENT** – Ferreira acknowledges that she has been advised by CVS to consult with an attorney before signing this FLSA Settlement Agreement, that she has, in fact, consulted with an attorney before signing this FLSA Settlement Agreement, and that she has been given a reasonable period of time in which to consider the terms of this FLSA Settlement Agreement before acting upon it. Ferreira represents that she has carefully read and fully understands all of the provisions of this FLSA Settlement Agreement and that she has discussed all aspects of the FLSA Agreement with her attorney.

12. **SECTION HEADINGS** - Section headings contained in this FLSA Settlement Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

13. **SEVERABILITY** - Should any term or provision of this FLSA Settlement Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this FLSA Settlement Agreement in full force and effect. The language of all parts of this FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

14. **ENTIRE AGREEMENT** - This FLSA Settlement Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this FLSA Settlement Agreement. Ferreira acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept the terms of this FLSA Settlement Agreement, except for the representations, promises and agreements herein. Any modification to this FLSA Settlement Agreement must be in writing and signed by Ferreira and CVS's Senior Vice President, Human Resources or other authorized representative.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties knowingly and voluntarily executed this FLSA Settlement Agreement and Limited Release as of the date set forth below.

**PLAINTIFF**

BY: _____
MARIA FERREIRA

DATE: 8/3/12

**WITNESS**

BY: _____

DATE: 8/3/12

**CVS PHARMACY, INC.**
**(on behalf of all subsidiaries and affiliates including but not limited to CVS Albany, L.L.C)**

BY: _____
Karen Lane, Esq..
Senior Legal Counsel, Labor and Employment

DATE: 8/16/12